GRADY, Respondent v. FELKER, Appellant

(186 N.W.2d 509)

(File No. 10768.   Opinion filed April 16, 1971)

**Tinan, Carlson, Padrnos & Smith,** Mitchell, for plaintiff-respondent.

**Lammers & Lammers,** Madison, for defendant-appellant.

GRIEVES, Circuit Judge.

In this action plaintiff seeks to recover $642.45, plus interest, for alleged goods, wares and merchandise furnished

and services rendered to the defendant at his request in connection with the repair of a building owned by defendant.

The answer of the defendant was a general denial and a counterclaim which stated:

> "That during the month of May, 1965, or thereabouts, the plaintiff undertook excavation operations on the lot adjoining the cafe owned by the defendant and that during the course of such excavation and as a result thereof, the wall of the building owned by the defendant collapsed; that the plaintiff was careless and negligent in his excavating operations and did not take the necessary steps and precaution to protect the wall of the cafe building owned by the defendant and that by reason of such carelessness and negligence the said wall collapsed and that the defendant suffered damage by reason of the careless and negligent acts of the plaintiff.

> "That as the direct result of the facts hereinbefore alleged and the carelessness and negligence of the plaintiff, the defendant suffered damages consisting chiefly of materials, labor and other incidentals of the sum of Eight Hundred Twenty-Three and 3/100 Dollars ($823.03)".

The prayer for relief asks for judgment against the plaintiff for the alleged damages of $823.03 plus interest. There is no dispute as to the amount of either account. The reply of the plaintiff amounts to a general denial of the counterclaim. The action was tried to the court without a jury and the court rendered judgment against the defendant in the sum of $642.50 plus interest of $159.82 or a total of $802.32, from which judgment the defendant appealed.

The trial court entered findings of fact and conclusions of law and therein found that in October, 1964 the defendant owned the Howard Cafe building located in the middle of the block on the east side of Main Street in Howard, South Dakota. This building was constructed of brick and concrete and was at least 50 years old. It was located immediately south of a building used as a pool hall. The south wall of

the pool hall building was approximately two feet to the north of the north wall of the Howard Cafe building and immediately north of the pool hall there was located a building used as a drug store. On October 27, 1964 a fire completely razed the drug store and pool hall buildings and as a result of the fire and the water used to extinguish it, the north wall and roof of the Howard Cafe building were extensively damaged. After the fire the defendant employed Virgil Kroger to repair the damage done to the cafe building. Mr. Kroger repaired the roof and the "parapet" along the top side of the north wall. He completed the repair work approximately three months after the fire. The plaintiff was the sole owner and operator of the Grady Construction Company and was hired by the owner of the two lots immediately north of the Howard Cafe on which had been located the pool hall and drug store buildings, to construct a new drug store building to be known as the Rafferty-Robbins building. About four months before plaintiff commenced work on the new Rafferty-Robbins building there was a deep crack in the north wall of the Howard Cafe building. This crack began at the base of the building just a few feet from the rear or east end thereof and extended in a semi-circular arch upward to a height of 15 to 16 feet and then down again in about the middle of the wall to the base of the building about 25 feet from the point of beginning. The crack was approximately 1/8 inch thick when first observed and increased to a thickness of 3/4 inch prior to the collapse of the wall. In the vicinity of the crack there was a prominent outward bulge in the wall and the crack showed continual signs of shifting for a period of about four months prior to the actual collapse of the wall. The plaintiff commenced construction of the Rafferty-Robbins building during the latter part of April or the first part of May, 1965 by cleaning out the debris in the existing basements of the two lots and by increasing the depth of the existing basements by about one foot by the use of a "D-4 Caterpillar". No excavation was done to enlarge the basement areas other than the one foot increase in depth. The excavation was at least two feet from the cafe wall. After the completion of the excavation, the plaintiff commenced to have the footings of the adjoining Rafferty-Robbins Drug Store building poured. At

least two days after the completion of the excavation work, when the footings were nearly poured, the east or back portion of the north wall of the Howard Cafe building, in the general vicinity of the "cracked area", collapsed and the wall and the dirt immediately below the wall all seemed to collapse at about the same time. The wall fell more or less directly downward.

Either on the day the wall collapsed, or the following day, the plaintiff and defendant had a conversation in which the defendant requested the plaintiff to assist in the repair of the wall and at that time a contract was entered into between said parties for the repair of the wall by the plaintiff. The plaintiff repaired the wall and furnished certain materials and labor to the defendant which had a reasonable value of $642.50. In addition to the materials and labor furnished by the plaintiff to the defendant for the repair of the wall, the defendant also hired and received other materials and labor which was used for the repair of the wall at the same time, which had a reasonable value of $823.03. The plaintiff never had been the owner of the real property on which the Rafferty-Robbins Drug Store was built. No notice of the proposed excavation on the Rafferty-Robbins property, either verbal or in writing, was ever given to the defendant.

We have carefully considered the evidence and are of the opinion that it amply supports the facts as found by the trial court.

Upon the foregoing findings of fact the trial court concluded in part that the plaintiff had proven by a preponderance of the evidence that an oral contract was entered into between the plaintiff and defendant whereby the plaintiff was hired by the defendant to repair in part the north wall of the Howard Cafe building after its collapse in early May, 1965; that the reasonable value of the materials and labor furnished by plaintiff to the defendant in repairing said wall was the sum of $642.50 and that plaintiff was entitled to judgment against the defendant for said amount plus 6% interest from June 1, 1965. The trial court also concluded that the defendant had failed to prove his counterclaim by a pre-

ponderance of the evidence and thus denied recovery to the defendant on his counterclaim.

Defendant contends that the plaintiff is liable to the defendant on his counterclaim as a matter of law because it was the duty and responsibility of the plaintiff in making the excavations on the Rafferty-Robbins premises to do the following things, all of which he failed to do: (a) use ordinary care and skill in all of his operations; (b) take reasonable precautions to sustain the land, premises and north wall of the cafe building; (c) give previous reasonable notice to the defendant of his intention to make the excavations, and (d) inform and notify the defendant of the existence of the crack in the north wall of the cafe building and the widening thereof during the course and progress of the excavation work done by him.

■ In the findings of fact and conclusions of law the trial court found that the defendant had not shown by a preponderance of the evidence any of the following facts: (a) that the plaintiff had used any other than ordinary care and skill in the construction of the Rafferty-Robbins Drug Store; (b) that there was any carelessness or negligence on the part of the plaintiff in excavating or in any other manner working on the construction of said building which caused the collapse of the north wall of the Howard Cafe building, and (c) that the failure on the part of the plaintiff to give notice to the defendant of the proposed excavation was the proximate cause of the collapse of said wall or that there was any causal connection between the failure to give such notice and the collapse of the wall. With such findings, this court agrees. But defendant contends that regardless of whether or not he proved his counterclaim by a preponderance of the evidence the plaintiff is liable as a matter of law. Defendant cites SDCL 43-16-2 which reads:

"Each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and tak-

ing reasonable precautions to sustain the land of the other, and giving previous reasonable notice to the other of his intention to make such excavations."

Defendant contends that this statute places the same responsibilities and duties on the plaintiff as it does on a coterminous owner under the following rule:

"Where the statute, or the regulation having the force of statute, fixes the standard of care and the court determines that it was intended to protect the class of persons in which plaintiffs are included against risk of the type of harm which has in fact occurred, the court must direct the jury that an unexcused or unjustified violation of such statute or regulation is negligence as a matter of law." Weeks v. Prostrollo Sons, Inc., 84 S.D. 243, 169 N. W.2d 725.

We do not agree with this contention. SDCL 43-16-2 has been a part of the statutory law of South Dakota since the year 1877. It involves the common law property right to lateral support between coterminous owners of adjoining property together with associated duties imposed upon such owners. It obviously pertains primarily to such owners. In discussing said statute this court said:

"There is, as incident to land, in its natural condition, a right to support from the adjoining land, and if land not subject to artificial pressure sinks or falls away, in consequence of the removal of such support, the owner may have an action for damages against the party thus removing such support. * * * This right of action does not depend upon negligence and unskilfulness, but upon the violation of the right of property which has been thus invaded and disturbed. * * * As its right of lateral support is incident only to the land itself, in its natural condition, and without the superadded weight of improvements, the damages recovered in an action for the simple withdrawal of such support are limited to the injury to the land itself." Ulrick v. Dakota Loan & Trust Company, 2 S.D. 285, 49 N.W. 1054.

Consequently, since the counterclaim in this case is not for damages to the land but for damages to the superstructure thereon and is specifically based upon the alleged negligence of the excavating contractor, such action could not be controlled by SDCL 43-16-2.

The nature of the negligence of the excavator for which he may be held responsible has been spelled out:

> " 'In case of negligence on the part of the excavator, he will be liable for injury to the building caused thereby, although the land would not have fallen had there been no buildings thereon. The degree of care to be exercised, in order that the excavator may be immune from a claim for damages by the owner of adjoining real estate not in its natural condition, must be commensurate with the apparent or actual danger. The care required in each particular case depends largely upon the particular facts and circumstances and the physical conditions existing in each case. This rule does not make the excavator an insurer of the building on adjoining property. It goes no further than to require him to exercise a reasonable degree of skill and care to avoid injuring such building.' " Schmidt v. Chapman, 26 Wis.2d 11, 131 N.W.2d 689. Thompson, Real Property (1961) replacement, p. 660, sec. 416.

In order for the defendant to recover on his counterclaim in this case he had to prove, by a preponderance of the evidence that the negligence of the plaintiff was the proximate cause of the damage to the building. Having failed to do so he cannot recover on his counterclaim.

The defendant also contends that the trial court abused its discretion and erred in making and entering its order allowing as taxable costs against the defendant the item of $40.25 covering the Court Reporter's expenses in the taking of the pre-trial deposition of the defendant, on the alleged grounds that said deposition served no useful purpose, was not used at the trial and that the same information could have been obtained by use of interrogatories. SDCL 15-17-4 provides:

"In all cases where a party is allowed to recover costs the clerk must also tax as a part of the judgment the allowance of * * * the necessary expense of taking depositions and procuring necessary evidence."

We have read the deposition of the defendant R. J. Felker. It was taken at Madison, South Dakota, the home city of the defendant and the taking thereof was agreed and stipulated to by both parties. The deposition is only 16 pages long. It was not used at the trial but it was undoubtedly used by plaintiff in his preparation for trial which is good, sound trial practice. The questions asked were not frivolous but were pertinent to the answer and counterclaim of the defendant. In our opinion the trial court did not abuse its discretion in allowing as part of the judgment the expense of taking such deposition. See Wagner v. Wagner, 83 S.D. 565, 163 N.W.2d 339.

Affirmed.

RENTTO, P. J., and BIEGELMEIER, WINANS and WOLLMAN, JJ., concur.

GRIEVES, Circuit Judge, sitting for HANSON, J., disqualified.