Frank A. **PRINCIPE**, et al.

v.

**McDONALD'S CORPORATION**, et al.

Civ. A. No. 78–0601–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 8, 1982.

C. Hardaway Marks, Hopewell, Va., for plaintiffs.

Ray Hartwell, III, Hunton & Williams, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiffs are holders of franchises from defendants. They filed their complaint against defendants citing numerous grounds upon which they claimed defendants were liable to them for damages. After extensive discovery by both parties, followed by serious and extensive pretrial motions and rulings, followed by several days in final pretrial conference, the issues remaining for trial to a jury were two. Nevertheless the trial took two weeks to complete.

While all of the claims advanced by plaintiffs were ultimately determined by the Court or by the jury to be without merit, the principal antitrust claim, had plaintiffs been successful, would have drastically altered defendants' spectacularly successful mode of operation. Doubtless McDonald's could have continued to operate despite an adverse ruling but its singular method of operation which had made the franchisor one of the most successful and profitable corporations in America and had made many of its franchisees millionaires, would have been in grave danger. In other words, plaintiffs had pushed McDonald's into an extremely high stakes game.

Under these circumstances, it is not at all surprising that counsel for McDonald's considered detailed and extensive trial preparation as being of utmost necessity. Indeed plaintiffs, though enjoying the leverage of an antitrust suit, recognized the stakes as being sufficiently high that they hired out-of-state specialists in the anti-McDonald's antitrust litigation field.

Not only were the stakes high, the subject matter of the litigation is relatively new and is in a developing mode. Prior decisions in the field had taken an unrealistic view of the business of franchising with decisions finding unlawful tying with little or no recognition of the fact that without tying there is no franchise. Thus, it was essential that the facts be thoroughly developed so that the developing law could be readily understood. To this end defendants likewise hired out-of-state counsel expert in McDonald's franchise litigation, while at the same time retaining as local counsel one of the leading firms in Virginia.

It is with this background that the Court must consider prevailing defendants' huge bill of costs totalling $36,892.23. As was true with nearly every aspect of the trial, plaintiffs and defendants contest the issue of liability for costs with great vigor.

The Court has read pertinent sections of *Wright and Miller* along with *Moore*; 42 Neb.L.Rev. 788 (1962); and the leading cases within the Eastern District of Virginia: *Marcoin, Inc. v. Edwin K. Williams &*

*Co., Inc.*, 88 F.R.D. 588 (E.D.Va.1980) and *Sperry Rand Corporation v. A–T–O, Inc.*, 58 F.R.D. 132 (E.D.Va.1973). The leading authority is, of course, *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). The statutory authority is contained in 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d).

■ At the risk of over-simplification, these authorities may be digested into the following statement: The trial court in the exercise of a sound discretion may tax all reasonable expenses incurred by a prevailing party under the five headings listed in § 1920 and under Rule 54(d). The burden is upon the losing party to show the impropriety of an allowance.

■ The largest single figure in dollar amount and that which has largely engaged counsel in their briefs was the cost of the trial transcript on an expedited basis. In *Marcoin* Judge Kellam held that a trial transcript may be taxed if "it was necessary to counsel's effective performance and proper handling of the case." Using Judge Kellam's rubric, a trial transcript, indeed an expedited trial transcript, was necessary for an effective and proper handling of this case by defendants. *See also* in this connection *Electronic Specialty Co. v. International Controls Corp.*, 47 F.R.D. 158, 161 (S.D.N.Y.1969), and *Advance Business Systems & Supply Co. v. S C M Corp.*, 287 F.Supp. 143, 162 (D.Md.1968). However, bearing in mind the caveat in *Farmer* the Court will allow as costs only the original of the trial transcript. The cost of the extra copy must be borne by defendants.

■ Plaintiffs also contest the cost of transcribing the pretrial proceedings. Under the initial pretrial order entered in this case the pretrial proceedings were of substantial importance to both parties. Without question the work done by counsel at and in preparation for pretrial conferences saved the parties two to three weeks of extra trial time. Of more pertinence is the fact that throughout the pretrial conferences the parties made concessions to one another, reached agreements and stipula-

tions with one another, identified, withdrew, proffered and altered exhibits to meet objections from one another, while the Court ruled on motions, objections, and proposals of the parties all to the end that the litigation be shaped fairly to present the questions properly presentable to the jury. There is no question that the transcript of the pretrial proceedings was reasonably necessary for an effective and proper presentation of the case.

■ Both parties, represented by experienced lawyers, engaged in extensive discovery and in the final wave of discovery took the depositions of knowledgeable witnesses. Some of these depositions were designated for use in trial and were used, others were designated for use and were considered by the Court but were not actually referred to at trial, and still others were neither designated nor used. Having reviewed plaintiffs' briefs with care, the Court is unconvinced that the depositions for which defendants seek reimbursement of costs, were obtained for "mere discovery" or for "convenience of counsel." Given the challenge raised to defendants' *modus operandi* by plaintiffs' suit, proper and effective preparation in the case *required* the preparation in the form of depositions for which defendants seek recompense. In this connection *see Advance Business Systems & Supply Co. v. S C M Corp.*, 287 F.Supp. 143, 165 (D.Md.1968), aff'd, 415 F.2d 55 (4th Cir.), *cert. denied*, 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1970); *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963); and *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1323 (5th Cir. 1978).

It is further the Court's view that recourse by counsel to an original on file with the Clerk's Office would have been wholly insufficient. Trial preparation requires counsel to *work* with a deposition and not merely to view it. Thus the original and a copy of depositions taken by defendant and a copy of the depositions taken by plaintiff will be allowed as set forth in the bill of costs.

■ Defendants summoned eleven witnesses. One of the eleven was called as a witness by plaintiffs. Seven were called by defendants. One was called instead by plaintiffs. Three were not called by either party. As to those three, defendants argue that it was reasonably anticipated that their testimony would be needed but that as events turned out their testimony was not required. One of the three, McCarney, had not been deposed. The other two, Coons and Catalupo, were deposed and their deposition shows that counsel's decision to summon the witnesses was reasonably necessary. However, in the case of Coons airfare was computed from his residence in Los Angeles, California, when as a matter of fact he arrived in Richmond from London, England. The Court is not aware which of the fares is the lesser, but plaintiffs will be required to pay only the lesser of the two fares at coach rates. No costs will be allowed for McCarney. The travel and expenses of the ten other witnesses called is allowed, the Court having been impressed at trial that neither party called witnesses inappropriate to the issues presented.

■ Finally, the parties have contested the duplication of exhibits for each member of the jury and the presentation of the exhibits in binders. Had defendants not prepared copies of the exhibits for each member of the jury they would have transgressed an exhortation of the initial pretrial order that such be done. Further, many aspects of the trial would have been incomprehensible to the jury had they not had conveniently at hand the exhibit being referred to. The cost of duplicating will be allowed. As to the binders, they are reusable and may be reclaimed by defendants. Their cost will not be allowed.

Defendants shall submit to the Clerk an amended bill of costs conforming to this opinion and the bill of costs heretofore taxed by the Clerk, as so amended, will be AFFIRMED.

And it so ORDERED.