553 F.Supp. 149 (1982)
Frederich MEDER, et al., Plaintiffs,
v.
EVEREST & JENNINGS, INC., Defendant.
No. 77-399C(4).
United States District Court, E.D. Missouri, E.D.
November 29, 1982.
Elmer C. Oberhellmann, St. Louis, Mo., William H. Pickett, Kansas City, Mo., for plaintiffs.
William L. Davis, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on plaintiffs' objections to taxation of costs. For the reasons stated below, costs in the amount of $6,427.08 will be taxed against plaintiffs.
This action resulted in a jury verdict in defendant's favor upon which judgment was entered December 11, 1979. Plaintiffs thereafter appealed and the Eighth Circuit Court of Appeals reversed and remanded for new trial. The case was dismissed without prejudice on plaintiffs' instance June 30, 1982, following denial of their motion for continuance.
Defendant seeks $3,991.00 in subsistence and mileage fees for the attendance of three witnesses residing in Los Angeles, California. Defendant also seeks $125.00 for copies of certain depositions, and $2,311.08 for costs incident to the taking of depositions, all arising in connection with the original litigation.
*150 Plaintiffs argue that the remand of this cause for new trial automatically excuses them from any liability for costs stemming from the original action. The Court disagrees. Normally the prevailing party at a second trial is awarded costs of both trials. Farmer v. Arabian American Oil Co., 379 U.S. 227, 231-32, 85 S.Ct. 411, 414-15, 13 L.Ed.2d 248 (1964); see Wright & Miller, Federal Practice and Procedure: Civil § 2667. Furthermore, under the circumstances, defendant is the prevailing party. As a general rule, defendant is deemed to prevail whether the action is dismissed upon the merits or not. See, e.g., Reaemco, Inc. v. Allegheny Airlines, 496 F.Supp. 546, 549 n. 2 (S.D.N.Y.1980).
The Court has broad discretion to tax costs of depositions which are reasonably necessary to the case and not purely investigative in nature. Koppinger v. Cullen-Schiltz & Assoc., 513 F.2d 901, 911 (8th Cir.1975). Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs will be taxed as having been "necessarily obtained for the use in the case" within the meaning of 28 U.S.C. § 1920. Federal Sav. & Loan Ins. Corp. v. Szarabajka, 330 F.Supp. 1202, 1210 (N.D.Ill. 1971). The Court finds that the depositions concerned were so obtained.
Copies of depositions may be taxed as costs where, as here, such copies are reasonably necessary to prepare a witness for testimony or cross-examination and impeachment. See Lockett v. Hellenic Sea Transport, Ltd., 60 F.R.D. 469, 472 (E.D.Pa. 1973). The Court finds unpersuasive plaintiffs' argument that copies of concerned depositions were available to defendant in the Court's file. In the Court's discretion these costs were necessarily incurred under the circumstances.
Finally, the Court is of the opinion that the items claimed for transportation of witnesses and for their subsistence during trial should be awarded to defendant. A corporation may be awarded fees as prevailing party for the attendance of its officers and directors at trial. Dasher v. Mutual Life Insurance Company of New York, 78 F.R.D. 142, 144 (S.D.Ga.1978). Under the circumstances, the taxation of such costs against plaintiffs is appropriate.
Of course, if plaintiffs should in fact refile the case, and in fact pursue it and prevail, the Court makes no ruling on whether plaintiffs might not then be able to recoup these costs in such an action were they to prevail. However, the instant problem presented to the Court is that these costs are due. This Court is aware of no pending action in this matter. The plaintiffs dismissed this case without prejudice and cannot simply, by inaction, avoid assessment of these costs heretofore incurred.