Elvin **KALLIS**,

v.

Thomas F. **BEERS**.

No. 14398.

Supreme Court of South Dakota.

Considered on Briefs May 21, 1984.

Decided Oct. 16, 1985.

Flynn Fischer, Wessington Springs, for plaintiff and appellant.

John S. Theeler of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant and appellee.

KERN, Circuit Judge.

In the action below, plaintiff Elvin Kallis sought to recover for personal injuries and property damage sustained as a result of an automobile collision. He appeals from a judgment entered pursuant to a unanimous jury verdict for defendant Thomas F. Beers. We affirm.

At approximately 11:15 a.m. on August 20, 1982, a collision occurred at the intersection of the township and county roads west and north of Wessington Springs, South Dakota, between a vehicle driven by Kallis and a vehicle driven by Beers. Kallis was driving east on a dirt township road. Beers was driving north on a gravel county road. Kallis approached the intersection from the left and Beers from the right. The intersection did not contain any stop, yield or other traffic control sign. Both Kallis and Beers were traveling at rates of speed properly within the speed limit. Weather conditions were clear. The sun was shining. The road surface was dry. Neither driver saw the other until immediately prior to the collision.

Kallis raises four issues on appeal. First, he contends that the trial court erred by not allowing him to question prospective jurors about whether they were agents, members, employees, stockholders, or directors of any company or corporation engaged in the writing of liability insurance. In denying his motion, the trial court pointed out that Kallis could employ the standard question as to whether the prospective juror was an agent, employee, director or stockholder of any corporation, and, if the answer was yes, make further inquiry. The trial court told Kallis not to make any reference to liability insurance. Interestingly, during voir dire examination, Kallis failed to inquire about prospective jurors' possible affiliation with any corporation.

 We fully agree that a plaintiff is entitled to know if a prospective juror has a pecuniary interest in the result of the trial. *Morton v. Holscher*, 60 S.D. 50, 243 N.W. 89 (1932). The issue here, however, is the manner in which such information shall be sought. In this case, the trial court's deci-

sion not to permit the requested question was in full compliance with our recent decision in *Hoffman v. Royer*, 359 N.W.2d 387 (S.D.1984). In *Hoffman, supra,* we fully considered the cases Kallis cites and concluded that:

[I]n order to resolve what appears to be a conflict between our holdings in *Jacobson v. Coady* [77 S.D. 1, 84 N.W.2d 1 (1957)] and *Bartlett v. Gregg* [77 S.D. 406, 92 N.W.2d 654 (1958)], *supra,* it is now established that in personal injury, wrongful death, and property damage claims tried following the date of our mandate in this case the parties should be restricted to inquiring on voir dire whether any member of the jury panel is an officer, director, employee, agent, or stockholder in any corporation. If there are no affirmative responses to this question, there should be no further questioning along this line. If there is an affirmative response, counsel should be permitted to inquire regarding the nature of the relationship and the name of the corporation. This procedure should provide adequate information to the parties without injecting the element of insurance in a situation in which there is absolutely no justification for it.

359 N.W.2d at 391. Although *Hoffman, supra,* was handed down after this action was tried, it can hardly be said that the trial court's ruling constitutes an abuse of discretion, since it is also consistent with our decision in *Jacobson v. Coady,* 77 S.D. 1, 84 N.W.2d 1 (1957).

■ This Court need not reach the merits of Kallis' argument that certain medical records should have been admitted into evidence. The only possible value of the records would have been to aid in the determination of the extent of Kallis' injuries. This issue, however, was rendered moot when the jury unanimously found for Beers. Consequently, the trial court's refusal to admit the records cannot constitute prejudicial error.

Kallis also contends that the trial court erred by denying his proposed jury instruction which said that a motor vehicle approaching on the right of an unmarked and obstructed view intersection, traveling at a speed in excess of fifteen miles per hour, forfeits the right-of-way to the driver of another motor vehicle. Kallis bases the contention upon SDCL 32–25–15, which reads:

When approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed the maximum lawful speed shall be fifteen miles per hour. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all the highways entering such intersection for a distance of two hundred feet from such intersection.

■ It is well recognized that the trial court should present only those instructions which are supported by competent evidence in the record. *Olesen v. Snyder,* 277 N.W.2d 729 (S.D.1979); *Miller v. Baken Park, Inc.,* 84 S.D. 624, 175 N.W.2d 605 (1970), modified 85 S.D. 133, 178 N.W.2d 560 (1970); *State Highway Commission v. Lacey,* 79 S.D. 451, 113 N.W.2d 50 (1962). In the case at bar, testimony from Kallis and the investigating officer established that the view from the direction which Beers was driving was unobstructed during the last 150 feet approaching the intersection. Further, the view from the direction from which Kallis was approaching was without any obstruction. Moreover, the trial court properly instructed the jury on the issue of contributory negligence.

■ The question of whether a plaintiff was guilty of negligence more than slight, within the meaning of the comparative negligence statute, is for the jury to decide. *Yost v. Yost,* 81 S.D. 588, 139 N.W.2d 238 (1965). This Court has repeatedly held that the failure of a driver of a motor vehicle to see a vehicle which is favored over him at an intersection constitutes negligence more than slight and sufficient to defeat recovery. *Yost,* 81 S.D. at 591, 139 N.W.2d at 240; *Alborn v. Arms,* 74 S.D. 277, 52 N.W.2d 101 (1952); *Rowan v. Becker,* 73 S.D. 273, 41 N.W.2d 836

(1950); *Robertson v. Hennrich,* 72 S.D. 37, 29 N.W.2d 329 (1947); *Kundert v. B.F. Goodrich Co.,* 70 S.D. 464, 18 N.W.2d 786 (1945). Consequently, this Court will not disturb the jury's verdict in this case.

 Finally, Kallis contends that certain costs taxed to him by the trial court are not authorized under SDCL 15–17–4. The trial court taxed as part of the judgment for Beers the cost of depositions ($160.69) and a witness and mileage fee for Beers ($54.50). There is nothing in the record to suggest that the depositions were frivolous or unnecessary. *Brenden v. Anderson,* 327 N.W.2d 136 (S.D.1982). Thus, we cannot say that the trial court abused its discretion in assessing the cost of the depositions to the losing party. The assessment of the witness and mileage fee for Beers is not authorized under SDCL 15–17–4.

Consequently, we order the judgment for Beers reduced by the sum of $54.50. As modified, the judgment is affirmed.

FOSHEIM, C.J., HENDERSON, J., and DUNN, Retired Justice, concur.

KERN, Circuit Court Judge, sitting for MORGAN, J., disqualified.

WUEST and HERTZ, Circuit Court Judges, acting as Supreme Court Justices, not participating.