John **MAGBUHAT** and Sandra Magbuhat, Special Representatives of the Estate of Christina Marie Magbuhat, Deceased Minor Child, and John Magbuhat and Sandra Magbuhat, Individuals, Plaintiffs and Appellees,

v.

Richard A. **KOVARIK**, M.D., Norman D. Neu, M.D., and Rapid City Regional Hospital, Inc., Defendants and Appellants.

Nos. 16202, 16209.

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1989.

Reassigned June 2, 1989.

Decided Sept. 6, 1989.

Debra D. Watson of Wallahan & Watson, Rapid City, for plaintiffs and appellees.

William G. Porter and Gregory G. Strommen of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for defendants and appellants Richard A. Kovarik and Norman D. Neu.

Thomas E. Simmons of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellant Rapid City Regional Hosp., Inc.

MILLER, Justice (on reassignment).

■ This appeal deals with taxation of costs in a civil action. We hold that a trial court is not permitted to tax the costs of the transcript from a former trial but may tax costs for copies of depositions taken by an adverse party. We affirm in part and reverse and remand in part.

### FACTS

Richard A. Kovarik, M.D., Norman D. Neu, M.D., and Rapid City Regional Hospital (appellants) appeal from an order in which the trial court refused to tax the costs of a trial transcript and copies of certain depositions.

The underlying lawsuit giving rise to this appeal was a medical malpractice action brought by John and Sandra Magbuhat (Magbuhats) against appellants. The case was tried to a jury, which returned a verdict in favor of appellants. Magbuhats appealed and this court reversed and remanded for a new trial. *Magbuhat v. Kovarik*, 382 N.W.2d 43 (S.D.1986). This court also then taxed costs of that appeal against appellants in the amount of $12,428, which included a transcript cost of $12,036.

The case was retried and the jury returned another verdict in favor of appellants. Thereafter, appellants requested that the trial court tax certain costs against Magbuhats, including the cost of the transcript of the first trial and the cost of various depositions. Following a hearing, the trial court awarded costs of $3,924.26 ($1,657.27 to doctors and $2,266.99 to hospital). However, the trial court refused to tax the cost of copies of depositions taken by Magbuhats and that portion of the first trial transcript which was not read into the record at the second trial.

### DECISION

### I

MAY THE PREVAILING PARTY TAX AS COSTS THOSE PORTIONS OF THE FIRST TRIAL TRANSCRIPT WHICH WERE NOT READ INTO THE RECORD AT THE RETRIAL?

■ Appellants argue that such portions of the first trial transcript should be taxed under SDCL 15–17–4 because they were used in preparation for the retrial and were an expense of "procuring necessary evidence."

SDCL 15–17–1 provides that the prevailing party in a civil action may be awarded "costs" as indemnity for its expenses in the action. SDCL 15–17–4 states:

In all cases where a party is allowed to recover costs the clerk must also tax as a part of the judgment the allowance of such party's witnesses', interpreters', translators', officers', and printers' fees, fees for the service of process, filing fees and the *necessary expense* of taking depositions and *procuring necessary evidence*. (Emphasis added.)

The first trial transcript was not prepared for the purpose of "procuring neces-

sary evidence." The transcript is the documented result reflecting the evidence which had been previously procured. It was prepared as a necessary part of the process of the first appeal. We therefore hold that the trial court correctly denied taxation of costs of the unread portions of the transcript. *See also Kallis v. Beers*, 375 N.W.2d 642 (S.D.1985); *Grady v. Felker*, 85 S.D. 477, 186 N.W.2d 509 (1971); and *State Highway Commission v. Hayes Estate*, 82 S.D. 27, 140 N.W.2d 680 (1966).

## II

## MAY THE PREVAILING PARTY BE AWARDED THE COSTS OF COPIES OF DEPOSITIONS TAKEN BY THE OPPOSING PARTY?

■ Appellants next argue that the costs of obtaining copies of depositions taken by Magbuhats could be taxed since the depositions were used by counsel in preparation for retrial. We agree.

A party may recover as costs only those items which are authorized by statute. *Heer v. State*, 432 N.W.2d 559 (S.D.1988); *Hepper v. Triple U Enterprises, Inc.*, 388 N.W.2d 525 (S.D.1986); *Arcon Constr. Co. v. S.D. Cement Plant*, 349 N.W.2d 407 (S.D.1984). The expense of taking depositions is specifically mentioned in SDCL 15–17–4. Additionally, deposition expense may be includable as a cost even if the deposition is not actually used at trial. *Arcon, supra; Brenden v. Anderson*, 327 N.W.2d 136 (S.D.1982).

It must be noted, however, that appellants are not seeking reimbursement for the "necessary expense of taking depositions." Rather, they seek costs for obtaining copies of depositions taken by the opposing party. This is not specifically mentioned in SDCL 15–17–4.

Clearly the trial court has discretion to determine which depositions are reasonably necessary to the case and not merely for "fishing expeditions" or the convenience of counsel. *Kallis, supra; Brenden, supra; Grady, supra;* and *Wagner v. Wagner*, 83 S.D. 565, 163 N.W.2d 339 (1968). Here, however, the trial court limited the cost

recovery only for copies of the depositions of the individual parties, but denied the copy costs for other depositions of witnesses deposed by Magbuhats. Appropriate, necessary and effective trial preparation mandated that appellants attend the taking of various depositions and that they obtain copies of the deposition transcripts. Sound trial practice so required.

We adopt the holding of *Meder v. Everest & Jennings, Inc.*, 553 F.Supp. 149 (E.D. Mo.1982), and *Principe v. McDonald's Corp.*, 95 F.R.D. 34 (E.D.Va.1982), whereunder the cost of copies of depositions may be taxed when they are "reasonably necessary to prepare a witness for testimony or cross-examination and impeachment." 553 F.Supp. at 150. Further, as was stated by the *Principe* court: "[R]ecourse by counsel to an original on file with the Clerk's Office would have been wholly insufficient. Trial preparation requires counsel to work with a deposition and not merely to view it." 95 F.R.D. at 37. However, we do not depart from the "use of cautious restraint" caveat espoused in *Wagner, supra.*

The record does not include reasons articulated by the trial court for its denial of these costs. Therefore, we remand to the trial court to review its holding consistent with the foregoing and to set forth its reasons for allowing or denying such costs. *See Hiegel v. Hill*, 771 F.2d 358 (8th Cir. 1985).

Affirmed in part, reversed and remanded in part.

MORGAN, J., and HERTZ, Circuit Judge, concur.

WUEST, C.J., and SABERS, J., concur in part and dissent in part.

HERTZ, Circuit Judge, sitting for HENDERSON, J., disqualified.

WUEST, Chief Justice (concurring in part and dissenting in part).

I concur fully on Issue I. However, I respectfully dissent on Issue II because the majority bases its decision on federal case law but fails to recognize the differences between South Dakota law and federal law

on the question of costs. In South Dakota, a party may recover as costs only those items which are *specifically authorized by statute*. *Heer v. State*, 432 N.W.2d 559 (S.D.1988); *Hepper v. Triple U Enterprises, Inc.*, 388 N.W.2d 525 (S.D.1986). Federal courts, on the other hand, have "broad discretion" under 28 U.S.C. 1920 to tax costs, *Meder v. Everest & Jennings, Inc.*, 553 F.Supp. 149 (E.D.Mo.1982), and the burden is on the losing party to show the impropriety of an allowance. *Principe v. McDonald's Corp.*, 95 F.R.D. 34 (1982). Since the cost of obtaining copies of depositions is not specifically mentioned in SDCL 15–17–4, the decision of the trial court in refusing to tax such costs should be affirmed. For similar state court rulings *see Florida Greyhound Lines v. Jones*, 60 So.2d 396 (Fla.1952); *Treasure State Industries, Inc., v. Leigland*, 151 Mont. 288, 443 P.2d 22 (1968).

SABERS, Justice (concurring in part and dissenting in part).

I believe that the cost of "procuring necessary evidence" in this case included obtaining the transcript of the first trial. It was a "necessary expense" of "procuring necessary evidence" under SDCL 15–17–4. The fact that portions of said transcript were not read into the record at the second trial does not change the evidence to unnecessary nor the expense to nontaxable. It was necessary at the time it was obtained not only for the purpose of the first appeal, but also for preparation for retrial.

I agree that this is a matter of discretion. *Grady v. Felker*, 85 S.D. 477, 186 N.W.2d 509 (1971); *Wagner v. Wagner*, 83 S.D. 565, 163 N.W.2d 339 (1968). However, the trial court did not articulate its reasons for denying these costs. Rather, it merely stated in a letter decision that such costs "are not allowable, and are hereby denied." In reality, then, there is nothing in the record to indicate that the trial court has exercised any discretion.

Therefore, just as in Issue II, we should "remand to the trial court to review its holding consistent with the foregoing and to set forth its reasons for allowing or denying such costs. *See Hiegel v. Hill*, 771 F.2d 358 (8th Cir.1985)."