[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 97-2330

PATRICIA H. PIESTER AND RICHARD PIESTER,

Plaintiffs, Appellants,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]



Before

Torruella, Chief Judge,
Coffin, Senior Circuit Judge,
and Stahl, Circuit Judge.



Robert Corrente, Hinckley, Allen & Snyder, Steven J. Phillips and
Levy, Phillips & Konigsberg on brief for appellants.
Michael A. Cerussi, Jr. and Cerussi & Spring on brief for appellee.



May 14, 1998


Per Curiam. Patricia and Richard Piester appeal from
the district court's award of costs to International Business
Machines, Inc. ("IBM"), the prevailing party in a personal
injury suit alleging that Patricia Piester had developed
"repetitive stress injury" ("RSI") from her workplace use of an
IBM computer keyboard. Following a hearing on IBM's
application for costs in the amount of $95,458.47, the district
court granted the request but reduced the amount of costs to
$37,431.06. On appeal, the Piesters ask this court to further
reduce the cost award to $6,520.
I. Standard of Review
Absent a specific statutory provision or rule to the
contrary, "costs other than attorneys' fees shall be allowed as
of course to the prevailing party unless the court otherwise
directs." Fed. R. Civ. P. 54(d)(1). The district court's
discretion to deny recovery of costs that fall within the Rule
54(d) categories "operates in the long shadow of a background
presumption favoring cost recovery for prevailing parties." In
re San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956,
962 (1st Cir. 1993). "The award of costs is a matter given to
the discretion of the district court, which this court will
review only to ensure that no abuse of discretion occurred." 
Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990).
See 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
Federal Practice and Procedure (hereinafter "10 Wright &
Miller") 2668 (1983).
II. Discussion
Based upon our careful review of the complete record
and consideration of the parties' briefs, we conclude that
there was no abuse of discretion in the district court's award
of costs. We address each of the specific categories of costs
disputed by the Piesters.
A. Transcript
The district court did not abuse its discretion in
awarding the cost of preparing the transcript from the first
trial. "Whether the transcript was 'necessarily obtained'
[under 1920(2)] is a finding of fact by the district court
that will not be disturbed absent clear error." 10 James Wm.
Moore, et al., Moore's Federal Practice (hereinafter "10
Moore's") 54.103[3][e] (3d ed. 1998)). The district court's
finding that the preparation of the transcript of the first
trial was necessary for use in the second trial was supported
by the record and not clearly erroneous. The Piesters'
argument that because the court granted its motion for a new
trial, IBM was not the prevailing party at the first trial and,
therefore, not entitled to costs thereof is also unavailing.
See 10 Wright & Miller, 2667, pp. 188-89 ("the prevailing
party at a second trial is usually awarded the costs of both
trials"); see also Farmer v. Arabian American Oil Co., 379 U.S.
227 (1964); Meder v. Everest & Jennings, Inc., 553 F. Supp.
149, 150 (E.D.Mo. 1982).
2. Depositions
"It is within the discretion of the district court to
tax deposition costs if special circumstances warrant it, even
though the depositions were not put in evidence or used at the
trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st
Cir. 1985); see also Riofrio Anda v. Ralston Purina Co., 772 F.
Supp. 46, 55 (D.P.R. 1991) (noting that 1920(2) "does not mean
that depositions must be used at trial in order to be taxed as
costs"); 10 Moore's 54.103[3][c], p. 54-181 ("that a
particular deposition was not actually used does not bar an
award of costs"). The district court's finding that the
deposition of witnesses listed by the Piesters was a necessary
part of IBM's trial preparation was not a clear abuse of its
discretion. The court adequately addressed the Piesters'
concern that they not be taxed for the costs of depositions
taken in other cases by limiting the award of costs to
"depositions taken in this case, not in other cases." The
Piesters have failed to show that the award was not so limited. 
Nor do the Piesters dispute the court's finding that IBM had a
right to subpoena Patricia Piester's medical records from the
medical providers directly. Accordingly, there was no abuse of
discretion in the district court's award of deposition costs.
C. Copying
Under 1920, the district court may tax as costs
"[f]ees for exemplification and copies of papers necessarily
obtained for use in the case." 1920(4). "The copies made . .
. may be deemed necessary even if not actually used at trial." 
10 Moore's 54.103[3][d], p. 54-192. The court's
determination on the necessity issue should be reversed only if
clearly erroneous. Id. The district court made a specific
finding that the internal copying was "necessary" within the
meaning of 1920. That finding is supported by the record
which includes a detailed explanation of the copying costs. 
There was no clear error.
D. Expert Witness Fees
The Piesters argument that costs for IBM's expert
witnesses should only have been awarded for the days that a
witness actually testified is unavailing. The district court
did not err in awarding fees to Dr. Hirsch even though he did
not actually testify. "Although courts do not ordinarily allow
fees for witnesses who have not testified at trial, a court may
award such a fee if the witness was ready to testify but
extrinsic circumstances rendered his testimony unnecessary." 
Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, 729 F.2d 1530,
1553 (5th Cir. 1984); see also Spanish Action Comm. of Chicagov. City of Chicago, 811 F.2d 1129, 1138 (7th Cir. 1987)
(district court abused its discretion by denying costs for
witnesses who were available to testify but were not called to
testify). The record fully supports a finding that IBM
reasonably expected to call Dr. Hirsch as an expert. Under
those circumstances, the district court did not abuse its
discretion in awarding costs.
Nor did the district court abuse its discretion in
awarding costs for the days that Dr. Nathan was present and
available to testify. The court specifically found that there
had been a time lag during the trial which justified keeping
Dr. Nathan in Providence for the intervening time. Section
1821 authorizes witnesses to be compensated for the days that
they are available to testify as well as for the days that they
actually testify. See Hurtado v. United States, 410 U.S. 578,
584-85 (1973) ("witnesses are compensated under [1821] for the
days on which they have made themselves available to testify
but on which their physical presence in the courtroom is not
required").
The district court's Order Awarding Costs and Including
Costs in the Judgment, dated September 15, 1997, is affirmed. 
See Loc. R. 27.1.