USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 ____________________

No. 97-2330

 PATRICIA H. PIESTER AND RICHARD PIESTER,

 Plaintiffs, Appellants,

 v.

 INTERNATIONAL BUSINESS MACHINES CORPORATION,

 Defendant, Appellee.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,
 Coffin, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 ____________________

 Robert Corrente, Hinckley, Allen & Snyder, Steven J. Phillips and
Levy, Phillips & Konigsberg on brief for appellants.
 Michael A. Cerussi, Jr. and Cerussi & Spring on brief for appellee.

 ____________________

 May 14, 1998
 ____________________

 Per Curiam. Patricia and Richard Piester appeal from
 the district court's award of costs to International Business
 Machines, Inc. ("IBM"), the prevailing party in a personal
 injury suit alleging that Patricia Piester had developed
 "repetitive stress injury" ("RSI") from her workplace use of an
 IBM computer keyboard. Following a hearing on IBM's
 application for costs in the amount of $95,458.47, the district
 court granted the request but reduced the amount of costs to
 $37,431.06. On appeal, the Piesters ask this court to further
 reduce the cost award to $6,520.
 I. Standard of Review
 Absent a specific statutory provision or rule to the
 contrary, "costs other than attorneys' fees shall be allowed as
 of course to the prevailing party unless the court otherwise
 directs." Fed. R. Civ. P. 54(d)(1). The district court's
 discretion to deny recovery of costs that fall within the Rule
 54(d) categories "operates in the long shadow of a background
 presumption favoring cost recovery for prevailing parties." In
 re San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956,
 962 (1st Cir. 1993). "The award of costs is a matter given to
 the discretion of the district court, which this court will
 review only to ensure that no abuse of discretion occurred." 
 Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990).
 See 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
 Federal Practice and Procedure (hereinafter "10 Wright &
 Miller") 2668 (1983).
 II. Discussion
 Based upon our careful review of the complete record
 and consideration of the parties' briefs, we conclude that
 there was no abuse of discretion in the district court's award
 of costs. We address each of the specific categories of costs
 disputed by the Piesters.
 A. Transcript
 The district court did not abuse its discretion in
 awarding the cost of preparing the transcript from the first
 trial. "Whether the transcript was 'necessarily obtained'
 [under 1920(2)] is a finding of fact by the district court
 that will not be disturbed absent clear error." 10 James Wm.
 Moore, et al., Moore's Federal Practice (hereinafter "10
 Moore's") 54.103[3][e] (3d ed. 1998)). The district court's
 finding that the preparation of the transcript of the first
 trial was necessary for use in the second trial was supported
 by the record and not clearly erroneous. The Piesters'
 argument that because the court granted its motion for a new
 trial, IBM was not the prevailing party at the first trial and,
 therefore, not entitled to costs thereof is also unavailing.
 See 10 Wright & Miller, 2667, pp. 188-89 ("the prevailing
 party at a second trial is usually awarded the costs of both
 trials"); see also Farmer v. Arabian American Oil Co., 379 U.S.
 227 (1964); Meder v. Everest & Jennings, Inc., 553 F. Supp.
 149, 150 (E.D.Mo. 1982).
 2. Depositions
 "It is within the discretion of the district court to
 tax deposition costs if special circumstances warrant it, even
 though the depositions were not put in evidence or used at the
 trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st
 Cir. 1985); see also Riofrio Anda v. Ralston Purina Co., 772 F.
 Supp. 46, 55 (D.P.R. 1991) (noting that 1920(2) "does not mean
 that depositions must be used at trial in order to be taxed as
 costs"); 10 Moore's 54.103[3][c], p. 54-181 ("that a
 particular deposition was not actually used does not bar an
 award of costs"). The district court's finding that the
 deposition of witnesses listed by the Piesters was a necessary
 part of IBM's trial preparation was not a clear abuse of its
 discretion. The court adequately addressed the Piesters'
 concern that they not be taxed for the costs of depositions
 taken in other cases by limiting the award of costs to
 "depositions taken in this case, not in other cases." The
 Piesters have failed to show that the award was not so limited. 
 Nor do the Piesters dispute the court's finding that IBM had a
 right to subpoena Patricia Piester's medical records from the
 medical providers directly. Accordingly, there was no abuse of
 discretion in the district court's award of deposition costs.
 C. Copying
 Under 1920, the district court may tax as costs
 "[f]ees for exemplification and copies of papers necessarily
 obtained for use in the case." 1920(4). "The copies made . .
 . may be deemed necessary even if not actually used at trial." 
 10 Moore's 54.103[3][d], p. 54-192. The court's
 determination on the necessity issue should be reversed only if
 clearly erroneous. Id. The district court made a specific
 finding that the internal copying was "necessary" within the
 meaning of 1920. That finding is supported by the record
 which includes a detailed explanation of the copying costs. 
 There was no clear error.
 D. Expert Witness Fees
 The Piesters argument that costs for IBM's expert
 witnesses should only have been awarded for the days that a
 witness actually testified is unavailing. The district court
 did not err in awarding fees to Dr. Hirsch even though he did
 not actually testify. "Although courts do not ordinarily allow
 fees for witnesses who have not testified at trial, a court may
 award such a fee if the witness was ready to testify but
 extrinsic circumstances rendered his testimony unnecessary." 
 Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, 729 F.2d 1530,
 1553 (5th Cir. 1984); see also Spanish Action Comm. of Chicagov. City of Chicago, 811 F.2d 1129, 1138 (7th Cir. 1987)
 (district court abused its discretion by denying costs for
 witnesses who were available to testify but were not called to
 testify). The record fully supports a finding that IBM
 reasonably expected to call Dr. Hirsch as an expert. Under
 those circumstances, the district court did not abuse its
 discretion in awarding costs.
 Nor did the district court abuse its discretion in
 awarding costs for the days that Dr. Nathan was present and
 available to testify. The court specifically found that there
 had been a time lag during the trial which justified keeping
 Dr. Nathan in Providence for the intervening time. Section
 1821 authorizes witnesses to be compensated for the days that
 they are available to testify as well as for the days that they
 actually testify. See Hurtado v. United States, 410 U.S. 578,
 584-85 (1973) ("witnesses are compensated under [1821] for the
 days on which they have made themselves available to testify
 but on which their physical presence in the courtroom is not
 required").
 The district court's Order Awarding Costs and Including
 Costs in the Judgment, dated September 15, 1997, is affirmed. 
 See Loc. R. 27.1.