**INTERNATIONAL WOOD PROCESSORS, a corporation, Plaintiff,**

v.

**POWER DRY, INC., a corporation, Power Dry Patent, Inc., a corporation, Drywood Corporation, a corporation, Compton & Cloer Lumber Company, a corporation, General Wood Processors, Inc., a corporation, European Banking Company Limited, a United Kingdom Company, K.N. Hronopoulos, an individual, Delano Compton, an individual, Arthur J. Crowley, an individual, Defendants.**

Civ. No. 82–2115–14.

United States District Court,
D. South Carolina,
Greenville Division.

Nov. 30, 1984.

See also D.C., 593 F.Supp. 710.

Sutherland, Asbill & Brennan by John H. Fleming and John A. Chandler, Atlanta, Ga. and Leatherwood, Walker, Todd & Mann by Mark R. Holmes, Greenville, S.C., for defendants Power Dry, Inc., Power Dry Patent, Inc., Compton & Cloer Lumber Co., General Wood Processors, Inc., European Banking Co. Ltd. and Delano Compton.

Arthur J. Crowley P.C. by Arthur J. Crowley, Los Angeles, Cal. and Love, Thornton, Arnold & Thomason by Jennings L. Graves, Jr. and John R. Devlin, Jr., Greenville, S.C., for defendant Arthur J. Crowley.

Sedgwick, Detert, Moran & Arnold by Dale E. Fredericks and Rebecca A. Hull, San Francisco, Cal. and Dority & Manning by Julian W. Dority, Greenville, S.C., for plaintiff.

## OPINION

MacMAHON, District Judge.*

Plaintiff petitions this court for an award of attorney's fees and costs, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15, based on Rule 54(d), Fed.R.Civ.P., and 28 U.S.C. §§ 1821 and 1920. This case was originally brought in the Central District of California but was subsequently transferred *sua sponte* to the District of South Carolina.

■ Plaintiff received a verdict on its antitrust claims against all defendants and was awarded treble damages of $2,700,-000.00, plus interest, and $70,000.00 in punitive damages against three of the defendants. Plaintiff requests an award of $458,-508.00 for fees, representing 4,374.75 hours, and costs in the amount of $39,-146.14. Section 4 of the Clayton Act allows recovery of a reasonable attorney's fee which is determined by multiplying a reasonable number of hours by a reasonable hourly rate, and then making any necessary adjustments to that lodestar figure. *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir.1981).

The first step in determining plaintiff's fee award is calculating the reasonable number of hours which should have been spent on this case. Plaintiff's affidavits and exhibits show the number of hours worked from 1982 to 1984 as follows: the California firm of Sedgwick, Detert, Moran & Arnold: attorneys 3,163.7, paralegals 425.9, law clerks 262.2; the South Carolina firm of Dority & Flint: attorneys 446.95, paralegals 63, law clerks 13.

Defendants first contend that the number of hours should be reduced because the time spent preparing the case and the number of lawyers and staff involved were excessive and duplicative.

■ Contrary to defendants' assertion that salaries of paralegals and law clerks are always reflected in the hourly rates charged by the attorneys, their salaries may be a proper part of the fee award. *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1250 (7th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 2378, 80 L.Ed.2d 850 (1984); *In re Anthracite Coal Anti-Trust Litigation*, 81 F.R.D. 499, 510 (M.D.Pa.1979). Defendants' contention that it was unnecessary for plaintiff's attorneys to work as many hours as they did in bringing this case to trial and to a successful conclusion is unpersuasive.

■ This case involved the conduct of nine defendants, their agents and employees over a period of more than three years, which required interviewing numerous witnesses and reviewing thousands of documents. Based upon this court's knowledge of the complexity of the issues involved, the expertise required to represent plaintiff

---

* Of the United States District Court for the South-ern District of New York, sitting by designation.

adequately in this antitrust litigation, and an examination of time charts, it appears that plaintiff's attorneys utilized their time reasonably and properly. *McDonald v. Johnson & Johnson,* 546 F.Supp. 324, 331 (D.Minn.1982), *aff'd,* 722 F.2d 1370 (8th Cir. 1983).

Defendants next contest the inclusion in the fee request of time spent travelling by plaintiff's attorneys, asserting that there is insufficient evidence documenting that travel time was in fact spent in preparation for trial or discovery. However, review of plaintiff's computer printout of daily time entries provides significant documentation of how travel time was spent. Travel in pursuit of this litigation was necessary. *Henry v. Webermeier,* 738 F.2d 188, 194 (7th Cir.1984). The practice of plaintiff's attorneys is to charge for travel at the same rate as for other time. To award nothing for travel time would be unreasonable. *Id.* However, due to insufficient evidence that all travel time involved work on this case, a reduction in hours will be made accordingly.

Defendants also seek to exclude hours for allegedly non-productive efforts of plaintiff's attorneys, including time spent on venue and discovery motions, state law claims, preparation of this fee petition, and for prolonging the trial.

Defendants claim that attorney time related to the various jurisdictional disputes should be eliminated because the unsuccessful efforts to pursue the case in California are far removed from the antitrust aspects of the case. The procedural disputes, although not directly related to the antitrust claims, nonetheless, did contribute to the resolution of this case and were not totally unproductive or unwarranted. The hours spent on procedural disputes may be partially compensated.

Defendants also request either substantiation of, or a reduction for, work done on the state law claims. Plaintiff contends, although without supporting documents, that it has already deducted from the fee request the state law aspects of the

case. Without further substantiation, it is impossible to segregate the amount of time spent on the state law claims, and an appropriate reduction is warranted.

It is within this court's discretionary power to award fees for time spent preparing this fee petition. *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 715–716 (N.D.Ill.), *aff'd,* 691 F.2d 310 (7th Cir.1982), *rev'd on other grounds,* —— U.S. ——, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). A review of the computer printout reveals that a brief amount of time was spent in preparing this fee petition, for which compensation will be awarded. In addition, although three weeks is a long time to present a case, because of the magnitude of this litigation, including the number of defendants and witnesses, the amount of material involved, the complexity of the legal issues, and the numerous affirmative defenses, plaintiff's attorneys are entitled to be compensated for the trial time.

Based on the foregoing discussion, a downward adjustment of seven (7%) percent will be made to the number of attorney's hours required to pursue this action.

The next step in determining plaintiff's fee award is setting the hourly billing rates used to calculate the award. Plaintiff requests that the current, rather than historical, rate be used, which results in a difference of $16,413.00. Defendants argue that the historical rate should be used in light of the existing fee agreement. However, the terms of the fee agreement should not materially affect the outcome of the fee petition. *Farmington Dowel Products Co. v. Forster Mfg. Co.,* 421 F.2d 61, 90 (1st Cir.1969).

An award is based on current rates usually where there is an inflationary loss because of a long delay in recovery of fees. *Glover v. Johnson,* 531 F.Supp. 1036, 1045 (E.D.Mich.1982); *City of New York v. Darling-Delaware,* 440 F.Supp. 1132, 1134 (S.D.N.Y.1977). Since this suit was only started in 1982 and concluded

very recently, no basis exists for using current, rather than historical, rates.

The California firm based its request on the rates charged in San Francisco and other major cities as opposed to rates charged in South Carolina. Fees for attorneys with ten to fifteen years' experience range from $150 to $200 per hour in San Francisco, and from $70 to $100 in South Carolina, while rates for those with three years' experience range from $60 to $115 in San Francisco, and from $55 to $65 in South Carolina. These fee rates present wide discrepancies.

The fee customarily charged in a community is just one guiding factor in determining the fee award. *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 769 (7th Cir. 1982), *cert. denied*, 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). It was reasonable for plaintiff to retain California counsel throughout the case since months of work were done before the transfer to South Carolina. However, because the customary rate charged in San Francisco is so much greater than it is in South Carolina and competent local counsel was available and assisted, an adjustment in the hourly rate requested by plaintiff's California attorneys is required.

Based on the foregoing discussion, the hourly rate allowed for Dale E. Fredericks is $135; for Cynthia H. Plevin the rate is $100 per hour; and for Rebecca A. Hull $75 per hour. For the remaining attorneys in the California firm, the rate allowed is $60 per hour. The rates for the local South Carolina firm will be allowed as requested, as will the rates for all paralegals and law clerks. Multiplying these rates by the reasonable number of hours already found by this court, results in a lodestar of $359,-165.79.

The final step in determining the attorney's fee award is adjusting the lodestar based on the factors enumerated in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). Plaintiff does not request that its lodestar be enhanced. However, defendants contend that a down-

ward adjustment should be made because the result obtained was not beneficial to the public interest, since the industry involved was destroyed rather than enhanced.

Although an important factor in determining fees in an antitrust suit is the public benefit, *Judice's Sunshine Pontiac, Inc. v. General Motors Corp.*, 418 F.Supp. 1212, 1222 n. 30 (D.N.J.1976), there is no clear indication here that the public will not benefit as a result of plaintiff's efforts. Therefore, no reduction in plaintiff's fee request is warranted on these grounds.

Having compared the lodestar figure with the remaining *Barber* factors and finding that there are no "significant circumstances that merit reward or penalty," *Va. Acad. of Clinical Psychologists v. Blue Shield*, 543 F.Supp. 126, 147 (E.D.Va. 1982), this court concludes that the lodestar figure should not be adjusted further. In addition, however, plaintiff requests interest, which is granted and will accrue from the date this order awarding attorney's fees is entered. *Copper Liquor Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir.), *mod. on other grounds*, 701 F.2d 542 (5th Cir.1983); *Independence Tube Corp., supra*, 543 F.Supp. at 716.

Defendant Crowley also claims that little or none of the testimony related to him, and, therefore, only those legal services devoted to prosecution of the claim against him should be charged to him. Absent congressional authority, there is no basis for contribution among antitrust wrongdoers. *Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981).

Plaintiff also moves to recover various costs. Defendants do not deny that some costs are recoverable but contest the amount of costs plaintiff requests. Rule 54(d) requires this court to look to the general taxation of costs statute, 28 U.S.C. § 1920, to determine which costs are recov-

erable, and to 28 U.S.C. § 1821 for expenses for witnesses.

Plaintiff's costs for service of process ($794.57), filing fees ($161.00), photocopies ($9,372.19), the originals of deposition transcripts ($5,655.57), and original trial transcripts ($1,101.00) are all specifically allowed under § 1920. Costs for copies of deposition transcripts ($2,257.42) and of trial transcripts ($565.50) are allowed under § 1920(2) as a part of the stenographic transcript which is necessary for the effective preparation of the trial, as opposed to being a mere luxury or convenience. *Principe v. McDonalds Corp.*, 95 F.R.D. 34, 37 (E.D.Va.1982); *Chemical Bank v. Kimmel*, 68 F.R.D. 679, 682–684 (D.Del.1975). Plaintiff's affidavits and exhibits amply support these costs. Witness expenses are generally limited by the provisions of § 1821. Plaintiff is entitled to recover costs for fees, mileage, and subsistence of witnesses who appeared ($991.95) and those who, believed to be necessary, appeared but did not testify ($366.07). *Independence Tube Corp., supra*, 543 F.Supp. at 722; *Principe, supra*, 95 F.R.D. at 37.

Although there is a trend in a few jurisdictions to allow recovery of expert fees where that witness's testimony is crucial or indispensable, *Paschall v. Kansas City Star Co.*, 695 F.2d 322, 338–339 (8th Cir. 1982), *rev'd on other grounds on reh'g en banc*, 727 F.2d 692 (8th Cir.1984), the overwhelming weight of authority remains that such fees are not taxable as costs. *Illinois v. Sangamo Construction Co.*, 657 F.2d 855 (7th Cir.1981). Congress stated in § 1920 that costs include fees for witnesses, and in § 1821 enunciated specific fees. However, in enacting this statutory scheme, congress made no provision for privately retained expert witnesses. Therefore, plaintiff may recover as costs for expert witnesses only the amount specified in 28 U.S.C. § 1821. *Sangamo, supra*, 657 F.2d at 865.

This court does retain, however, some discretionary authority to award

** See Appendix attached.

costs not specifically provided for by statute. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Plaintiff has also requested an award of costs for computerized legal research ($4,760.37). Computer research, although not essential, replaces many hours of human research and, therefore, is reasonable. *Independence Tube Corp., supra*, 543 F.Supp. at 723. We find that an award of costs for computerized research is appropriate.

Accordingly, plaintiff's motion for an order amending the judgment entered on May 10, 1984 so as to include attorney's fees and costs is granted to the extent that plaintiff shall recover attorney's fees in the amount of $359,165.79,** with interest accruing from the date of entry of this order, and costs totalling $26,025.64.

So ordered.

### APPENDIX

Sedgwick, Detert, Moran & Arnold

| | Hours | –7% | $ Rate | $ Total |
|---|---|---|---|---|
| D.E.F. | 1,289.40 | 1,199.14 | 135.00 | 161,884.17 |
| C.H.P. | 59.00 | 54.87 | 100.00 | 5,487.00 |
| R.A.H. | 1,319.20 | 1,226.86 | 75.00 | 92,014.20 |
| Others | 496.10 | 461.37 | 60.00 | 27,682.38 |
| Sub-Total | | | | 287,067.75 |
| Law Clerks | | | | 13,110.00 |
| Paralegals | | | | 14,942.50 |
| Total | | | | 315,120.25 |

Dority & Flint

| | Hours | –7% | $ Rate | $ Total |
|---|---|---|---|---|
| J.W.D.–1982 | 72.50 | 67.43 | 85.00 | 5,731.12 |
| 1983 | 66.50 | 61,845.00 | 100.00 | 6,184.50 |
| 1984 | 243.75 | 226.69 | 110.00 | 24,935.62 |
| Sub-Total | | | | 36,851.25 |
| C.F. | 59.70 | 55.52 | 85.00 | 4,719.29 |
| Sub-Total | | | | 41,570.54 |
| Law Clerks | | | | 585.00 |
| Paralegals | | | | 1,890.00 |
| Total | | | | 44,045.54 |
| Final Total | | | | $359,165.79 |