John R. JOP, Plaintiff,

v.

CITY OF HAMPTON, VIRGINIA, and Gregory B. Cade, Fire Chief for the City of Hampton, Defendants.

Civ. A. No. 4:94cv109.

United States District Court, E.D. Virginia, Newport News Division.

Oct. 20, 1995.

Battle & Boothe, Richmond, VA, for defendants.

## MEMORANDUM ORDER

DOUMAR, District Judge.

This matter is presently before the court on plaintiff's motion to deny taxable costs to the prevailing party under Rule 54(d) of Federal Rules of Civil Procedure. For the following reasons, the court will **DENY** the motion.

### I. Factual and Procedural Background

Plaintiff John R. Jop ("Jop") brought this action against defendants City of Hampton, Virginia and Gregory B. Cade, Fire Chief of Hampton, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983; plaintiff also brought claims of defamation and intentional infliction of emotional distress under state law. On May 9, 1995, this court adopted the magistrate judge's report and recommendation in its entirety as to the constitutional claims and granted the defendants' motion for summary judgment. The court also adopted that portion of the magistrate judge's report which dismissed without prejudice the pendant state law claims.

Following the entry of this court's order, the defendants sought costs from the plaintiff. The bill of costs submitted by defendants totaled $2,205.25; the bill sought reimbursement for the deposition of the plaintiff, a copy of a deposition of a witness, and the costs of photocopying various briefs in the case. On July 11, 1995, over Jop's objections, the Clerk of the Court granted defendants $1,849.46 of the costs sought; all of the costs awarded involved the deposition of the plaintiff. Jop now seeks this court's review of the costs taxed by the Clerk.

Neil Curtis Bonney, Neil C. Bonney & Associates, Virginia Beach, VA, for plaintiff.

Cynthia Annette Eppes Hudson, McGuire, Woods, Battle & Boothe, Richmond, VA, Richard David Caplan, Office of the City Attorney, City of Hampton, Hampton, VA, Kimberly Stewart Hugo, McGuire, Woods,

### II. Discussion

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in relevant part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The costs are assessed, or "taxed," by the Clerk of the Court. *Id.* The Clerk's actions may

be reviewed by the court. *Id.* The standard costs that may be taxed include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The rule does not give the district court "unrestrained discretion to reimburse the winning litigant for every expense he has seen fit to incur," *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), but the court certainly has wide latitude to order costs that are explicitly permitted by statute. *Id.*

Jop's position relies solely on this court's opinion in *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132 (E.D.Va.1973) (Merhige, J., presiding), where it was held that costs of deposition testimony obtained "merely for discovery" should be borne by the party taking discovery, but that they would be taxable if used at trial or used for impeachment purposes. *Sperry,* 58 F.R.D. at 138–39. Plaintiff avers that the 637 pages of deposition testimony was taken for "general discovery" purposes and that it would be thus unfair to tax these costs against him under *Sperry.*

Since *Sperry,* the Fourth Circuit has held that costs of a deposition should be awarded "when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Federal Savings & Loan,* 830 F.2d 522, 528 (4th Cir.1987), *cert. denied,* 484 U.S. 1065, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988). There, the Fourth Circuit reversed this District's practice of denying the costs of deposition testimony unless the depositions had been admitted at trial.[1] The Fourth Circuit remanded to permit the district court to determine what costs were "reasonably necessary *for preparation for trial.*" *Id.* (emphasis added). Although the *LaVay* court did not overrule *Sperry* directly—indeed, it did not even mention it—the two decisions cannot be reconciled. The *LaVay* rule that costs are taxable if they were incurred in order to **prepare** for trial makes it clear that the *Sperry* requirement that materials be **used** at trial cannot stand.

Therefore, this court joins another opinion of this court in concluding that *LaVay* overruled *Sperry sub silentio,* at least to the extent that *Sperry* holds that deposition transcripts must be introduced at trial before they may be taxed. *See Board of Water's Edge v. Anden Group,* 135 F.R.D. 129, 133 (E.D.Va.1991) (Ellis, J., presiding).

Accordingly, that this case never went to trial is of no relevance to ascertaining whether the costs of the depositions may be taxed. This court must therefore determine whether the deposition of the plaintiff was "reasonably necessary for preparation at trial" at the time it was taken. Such a determination will obviously involve some subjective judgment by the court—assessing in hindsight an individual attorney's trial strategy. No precise formula or rule can or should be devised. Lawyers will often disagree about what is "reasonably necessary" to prepare for a trial. The court must be guided by its own understanding of the necessities of legal practice, applied to the facts and circumstances of the individual case. With this principle in mind, the court now turns to the facts of the case at bar.

The original complaint in this case was filed August 12, 1994. Trial was originally scheduled for April 19, 1995. The deposition of the plaintiff was taken on December 8, 1994. It is evident that at that stage of a civil case—a full four months before trial—it would be "reasonably necessary" for the defendants to depose the plaintiff in order to prepare for trial. Indeed, not only was it "reasonably necessary," it was probably essential. It would be, at the very least, bordering on legal malpractice not to have done so. Accordingly, the court finds that costs of the deposition of the plaintiff are properly taxable. *See Water's Edge,* 135 F.R.D. at 135 (permitting costs of deposing several witnesses).

Plaintiff notes, correctly, that the state law claims have been dismissed without prejudice, and that these claims were "clearly a part of" the deposition transcript. Plain-

1. In *LaVay,* the deposition had not been admitted at trial because the defendant won a directed verdict at the close of the plaintiff's case.

tiff's apparent argument is that the costs associated with those claims should not be reimbursed inasmuch as defendants did not "prevail" with regard to those claims. But a party need not prevail as to all claims in the case in order to be awarded costs in the case. *See, e.g., O.K. Sand & Gravel, Inc. v. Martin Marietta, Inc.*, 36 F.3d 565, 571 (7th Cir. 1994); *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir.1990); *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir.1978); *K–2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir.1974). *See also* Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2667, at 180–81 (2d ed. 1983). *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (in attorney's fee case under 42 U.S.C. § 1988, party may be considered "prevailing" if they succeed "on any significant issue in [the] litigation"). Moreover, plaintiff's contention contradicts the rule announced in *LaVay*. At the time the deposition of the plaintiff was taken, the defendants could not possibly know that the state law claims would later be dismissed without prejudice. At that time, they had to be ready to go to trial on all the claims in the plaintiff's complaint, and thus to the extent the deposition deals with those claims, it was "reasonably necessary" to prepare to litigate those claims at trial.

■ Plaintiff urges that, even if the court is inclined to award defendants' costs, the court should restrict the award to the "number of pages actually introduced with defendants' motion for summary judgment." This argument would also contradict the purpose of the *LaVay* rule. At the time of the taking of the deposition, the defendants could not know which aspects of the deposition would be needed for a possible summary judgment motion or at trial. The deposition was needed to *prepare* for trial; it is irrelevant that every page of the deposition was not used to support the summary judgment motion. And, as the defendants point out, the practical result of plaintiff's argument would be that parties would submit entire deposition transcripts along with summary judgment motions in order to ensure they could recover costs for them. The resulting barrage of paper would inundate the courts, necessarily slowing the wheels of justice and undermining the purpose of the federal rules in general and the summary judgment rule in particular—to ensure the "just, speedy, and inexpensive determination of every action." Fed. R.Civ.P. 1, 56.

Finally, plaintiff argues that reimbursement should be denied for a deposition taken by plaintiff of a witness. This contention has no merit; the Clerk denied the defendants reimbursement of this claim.

The court finds that the Clerk has properly taxed the costs against plaintiff. Plaintiff's motion is **DENIED.**

**IT IS SO ORDERED.**