Frankie M. FELLS, Plaintiff,

v.

**VIRGINIA DEPARTMENT OF TRANSPORTATION,**
Defendant.

**Civil Action No. 2:08cv74.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 25, 2009.

Michael W. Beasley, Esquire, Falls Church, VA, for Plaintiff.

Sydney E. Rab, Esquire, Office of the Attorney General, Richmond, VA, for Defendant.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's Motion for Costs by Judicial Review of Clerk's Taxation, filed February 26, 2008. On March 11, 2009, plaintiff filed its Memorandum in Opposition to Defendant's Motion for Costs. In reply, defendant filed a Rebuttal Brief on March 13, 2009, and the motion is now ripe for review. For the reasons stated below, the court **DENIES** defendant's motion.

### I. Background

Plaintiff Frankie Fells, Sr., sued his former employer, defendant Virginia Department of Transportation, claiming unlawful discrimination against him on the basis of race, in violation of 42 U.S.C. § 2000e, et seq. On October 28, 2008, this court issued a memorandum final order granting defendant's motion for summary judgment, based on the applicable statute of limitations. The court denied plaintiff's motion for reconsideration of the memorandum final order on December 8, 2008.

On November 4, 2008, defendant submitted a bill of costs, to which plaintiff objected on November 18, 2008. Defendant responded to the objection on November 25, 2008. On February 11, 2009, the Clerk issued a notice of taxing costs, and on February 23, 2009, the Clerk taxed costs in the amount of $1,739.60 against plaintiff. This amount included costs for depositions and copies of medical records, which are not contested.

In filing this motion, defendant asks the court to review one narrow issue: the Clerk's denial of costs in the amount of $15,741.50, which defendant paid for processing electronic data. Specifically, defendant paid this amount to a contractor for "electronic records initial processing, Metadata extraction, [and] file conversion." (Bill of Costs 4.) These efforts were the first steps to creating a database that would facilitate discovery, but defendant abandoned the project after plaintiff did not provide terms to limit the scope of the data. Id. at 3. Defendant seeks to recover these initial costs by claiming that they are taxable expenses under 28 U.S.C. § 1920(4). Id. at 4.

### II. Analysis

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees— should be allowed to the prevailing party." Local Rule 54(D) for the Eastern District of Virginia sets the briefing schedule for filing a motion to enter a bill of costs, which are assessed, or "taxed," by the clerk of the court. The prevailing party can recover costs "as provided in 28 U.S.C. §§ 1920 and 1924." Local Rule 54(D)(1).

In relevant part, § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs … [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" Section 1924 requires that the party submitting the bill of costs aver that the bill is "correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

■ The prevailing party bears the burden of showing that the requested costs are allowed by § 1920. *See Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D.Va. 1998). Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs. *Id.* On motion after the clerk's taxation of costs, the court may provide *de novo* review of the clerk's actions. *See* Fed.R.Civ.P. 54(d)(1); *Cofield*, 179 F.R.D. at 514.

## A. The Court's Discretion to Award or Deny Costs

■ The Fourth Circuit has held that Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir.1999). If departing from this rule, the court must justify its decision by "articulating some good reason for doing so." *Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir.1990).

■ The court has "considerable discretion" in deciding whether to award costs. *Constantino v. S/T Achilles*, 580 F.2d 121, 123 (4th Cir.1978); *see also SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 943 (7th Cir.1988) (noting "district courts have broad discretion to determine whether and to what extent costs may be awarded"); *Manildra Milling Corp. v. Og-ilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir.1996) (explaining that "the district court judge retains broad discretion as to how much to award, if anything," to the prevailing party).

■ Under Federal Rule 54(d)(1), however, a court's discretion to tax costs is limited to those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d)."). The Supreme Court has held that Federal Rule 54(d) provides courts with "a power to decline to tax, as costs, the items enumerated in § 1920," rather than with discretion to award costs not enumerated under § 1920. *Id.* at 442, 107 S.Ct. 2494. In defining the parameters of this statute, "it is generally recognized that courts may interpret the meaning of items listed in § 1920[.]" *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 419–20 (6th Cir.2005).

■■ Further, costs should be limited to those "reasonably necessary at the time" they were incurred. *LaVay Corp. v. Dominion Federal Savings & Loan*, 830 F.2d 522, 528 (4th Cir.1987) (1988). In *LaVay*, the Fourth Circuit remanded to let the district court determine if deposition costs were "reasonably necessary for preparation for trial at the time they were taken." *Id.* District courts have applied this standard to Federal Rule 54(d)(1), which "will obviously involve some subjective judgment by the court," because "[l]awyers will often disagree about what is 'reasonably necessary' to prepare for a trial." *Jop v. City of Hampton, Va.*, 163 F.R.D. 486, 488 (E.D.Va.1995). "The court must be guided by its own understanding of the necessities of legal practice, applied to the facts and circumstances of the individual case." *Id.*

■ A district court's decision to deny costs is reviewed for abuse of discretion. *Cherry,* 186 F.3d at 446; *see also* 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2668 (2008) ("A discretionary ruling as to costs usually will not be disturbed on appeal, although in extreme cases it may be set aside as an abuse of discretion.").

## B. Defendant's Request for Costs of Electronic Data Processing

■ No party contests that defendant is the prevailing party, and the disputed costs involve only 28 U.S.C. § 1920(4), which permits recovery of expenses "for exemplification and ... making copies of any materials where the copies are necessarily obtained for use in the case." *See Bd. of Dirs., Water's Edge v. Anden Group,* 135 F.R.D. 129, 139 (E.D.Va.1991) (recognizing that expenses for copying materials reasonably necessary for use in the case are recoverable). While taxable expenses include copies "furnished to the court and opposing counsel," *Simmons v. O'Malley,* 235 F.Supp.2d 442, 444 (D.Md.2002), copies made merely for counsel's convenience are ordinarily not allowed. *Thomas v. Treasury Mgmt. Ass'n, Inc.,* 158 F.R.D. 364, 372 (D.Md. 1994).

The Fourth Circuit has not addressed whether taxable expenses include electronic methods of exemplifying and copying documents. The Sixth Circuit has held that "electronic scanning and imaging could be interpreted as 'exemplification and copies of papers.'" *BDT Products, Inc.,* 405 F.3d at 419–20 (finding no abuse of discretion in the distract court's taxing of copying costs based on electronic scanning and imaging); *see also Brown v. McGraw–Hill Cos., Inc.,* 526 F.Supp.2d 950, 959 (N.D.Iowa 2007) (holding that "electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper,' and therefore, can be taxed pursuant to § 1920(4).").

Even if this court adopted the Sixth Circuit's analysis, however, defendant has not claimed expenses for electronic scanning of documents. Instead, defendant seeks the costs of "electronic records initial processing, Metadata extraction, [and] file conversion." (Bill of Costs 4.) The director of project management for defendant's contractor, Jerome Dizon, testified that these techniques are "much like photocopying or scanning of paper records," but he did not testify that these techniques *are* photocopying or scanning. (Dizon's Decl. ¶ 5.) Scanning or imaging of documents converts a paper document into an electronic document. By contrast, defendant employed techniques that create electronically searchable documents. *See id.* As Dizon testified, this work "takes the various digital files (email, Word documents, spreadsheets[,] etc.) and extracts information and content to normalize the files for efficient use in litigation[.]" *Id.* In essence, defendant seeks to recover the costs of creating electronically searchable documents.

The court finds that defendant has not met its burden of showing that these costs are allowed by § 1920. *See Cofield,* 179 F.R.D. at 514. Regardless of whether scanning documents should be viewed as copying materials, the court does not find that this category of taxable costs includes defendant's techniques of processing records, extracting data, and converting files, which served to *create* searchable documents, rather than merely *reproduce* paper documents in electronic form. By refusing to expand the traditional notion of "copying" to include a burgeoning array of electronic discovery techniques, the court recognizes the Supreme Court's precept

that district courts may decline to tax costs enumerated in § 1920, but cannot award costs not enumerated under § 1920. *Crawford*, 482 U.S. at 442–45, 107 S.Ct. 2494 (noting that federal courts cannot "exceed the limitations explicitly set out in [§ 1920] without plain evidence of congressional intent"). Since the court does not find that § 1920 enumerates costs for defendant's electronic data processing, the court does not determine whether these documents were "necessarily obtained for use in the case" and "reasonably necessary at the time" they were incurred. 28 U.S.C. § 1920(4); *LaVay Corp.*, 830 F.2d at 528.

### III. Conclusion

For the reasons stated above, defendant's Motion for Costs by Judicial Review of Clerk's Taxation is **DENIED,** and the Clerk properly limited costs against plaintiff to the amount of $1,739.60. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to all parties.

**IT IS SO ORDERED.**